IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **NORA HARGAN BARMORE** | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:08-cv-00306-JJF |
| **LIBERTY MUTUAL FIRE INSURANCE COMPANY** | : |
| Defendant. | : |

## ANSWER TO AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

The Answer of Liberty Mutual Fire Insurance Company (hereinafter referred to as "Liberty Mutual Fire" and/or "Defendant"), to Plaintiff's Amended Complaint respectfully represents as follows:

1. Admitted.

2. Denied as stated. It is admitted that Defendant Liberty Mutual Fire is licensed to act as an insurance carrier in the State of Delaware and that it acts in that capacity in Delaware.

3. Denied as stated. It is admitted that Plaintiff, Nora Hargan Barmore, provided notice of certain alleged damages to the premises located at 7 Sustain Court, Newark, Delaware, which allegedly occurred on or about October 11, 2007. It is furthermore admitted that Plaintiff owned the premises on that date. The remaining averments contained in this paragraph are hereby denied.

4. Denied as stated. It is admitted that Liberty Mutual Fire issued LibertyGuard Deluxe Homeowners Policy No. H32-231-120321-107 4 (the "Policy") to named insureds Nora M. Hargan and Kenneth R. Hargan, providing certain coverages for the premises located at 7

1

Sustain Court, Newark, Delaware 19713-1964, for the period April 20, 2007 to April 20, 2008. The allegations relating to coverage under the Policy are denied as stated in that it is a characterization of the language included within the Policy, which is a writing, the terms, conditions, limitations and exclusions of which speak for themselves. The remaining allegations of this Paragraph constitute conclusions of law to which no responsive pleading is required.

     5.     It is admitted that, on October 12, 2007, Plaintiff provided notice of damages alleged to have occurred on or about October 11, 2007. It is admitted that Plaintiff advised Defendant that the house was in foreclosure. It is furthermore admitted that Plaintiff claimed that she was entitled to the performance of certain repairs pursuant to the Policy terms and conditions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph.

     6.     Denied. It is denied that Defendant failed and refused to reimburse Plaintiff and it is denied that Defendant breached the Policy as alleged by Plaintiff or in any manner whatsoever. It is averred, to the contrary, that Plaintiff's claim was considered in view of the language of the Policy and the facts determined during the investigation of the claim and all amounts due to Plaintiff under the Policy have been paid. The remaining allegations of this Paragraph are denied as conclusions of law.

     7.     Denied. It is averred, to the contrary, that Plaintiff's claim was considered in view of the language of the Policy and the facts determined during the investigation of the claim and all amounts due to Plaintiff under the Policy have been paid.

     8.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph. The remaining allegations of this Paragraph are denied as conclusions of law.

9.	Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the factual allegations contained in this Paragraph. The remaining allegations of this Paragraph are denied as conclusions of law.

WHEREFORE, Defendant, Liberty Mutual Fire Insurance Company, denies that it is liable to Plaintiff in any amount whatsoever and Defendant demands judgment in its favor and against Plaintiff, and respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or a claim upon which attorney's fees may be awarded.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action or a claim upon which punitive damages may be awarded.

### FOURTH AFFIRMATIVE DEFENSE

Any coverage provided to Plaintiff under the Policy was subject to the terms, conditions, limitations and exclusions set forth in the Policy and Defendant reserves the right to rely upon each and every term and condition of the Policy.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claim was considered in view of the language of the Policy and the facts determined during the investigation of the claim and all amounts due to Plaintiff under the Policy have been paid.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to assert additional affirmative defenses as further investigation and discovery may demonstrate.

WHEREFORE, Defendant, Liberty Mutual Fire Insurance Company, demands judgment in its favor and against Plaintiff, and respectfully requests this Honorable Court to dismiss Plaintiff's Complaint with prejudice.

        Respectfully submitted:

        **MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

BY:   */s/ Kevin J. Connors*
       KEVIN J. CONNORS, ESQUIRE
       I.D. No. 2135
       1220 North Market Street, 5th Floor
       P.O. Box 8888
       Wilmington, DE 19899
       (302) 552-4302
       kjconnors@mdwcg.com
       *Attorney for Defendant*

Dated: May 30, 2008

15/627195.v1